**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | |
| v. | Case No.: 1:26-cv-00023-LAG |
| JEHOVAH'S WITNESSES GOVERNING BODY, a business and/or religious entity, THE WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., a corporation, THE WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, a corporation, THE WATCHTOWER BIBLE AND TRACT SOCIETY OF FLORIDA, INC., a corporation, and CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESES, a corporation. | Hon. Leslie Abrams Gardner |
| Defendants. | |

**PLAINTIFF'S MOTION TO PROCEED UNDER A FICTITIOUS NAME**

NOW COMES Plaintiff, John Doe, by and through his attorneys, ROMANUCCI & BLANDIN, LLC, and for their motion to proceed under a fictitious name, states as follows:

1. Plaintiff filed his Complaint at Law (Complaint) on February 13, 2026. That version of the Complaint contains fictitious names to protect the identity of the Plaintiff, who was a child sexual abuse victim. A version of the Complaint with Plaintiff's real identity will be provided to this Court in a format consistent with the Court's discretion.

1. As described in the Complaint, this matter involves criminal acts of child molestation occurring while Plaintiff was a minor under the age of 16 years. From approximately August 2019 to February 2022, Plaintiff was sexually assaulted more than 100 times by his Bible Study teacher, Lorenza Davis (Davis). Davis pled guilty to two counts of child molestation on

1

March 14, 2024, and was sentenced to 60 years' imprisonment, the first 27 years to be served in confinement.

2.   The Complaint alleges, among other things, that Defendants knew or should have known of Davis' dangerous propensities, yet negligently failed to properly supervise him, failed to implement reasonable safety protocols, and failed to protect PLAINTIFF and other vulnerable children in their care.

3.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer serious and permanent injuries, emotional distress, humiliation, loss of enjoyment of life, and other damages.

4.   Courts permit anonymous proceedings where, under the totality of the circumstances, the plaintiff has a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Fla. Gulf Coast Univ. Bd. of Trs.*, No. 23-13063, 2024 WL 4224254, at *2 (11th Cir. Sep. 18, 2024) (internal citation omitted).

5.   In balancing a plaintiff's privacy interests, courts consider six factors: whether the plaintiff seeking anonymity (1) is a minor; (2) "would otherwise be required to disclose information of the utmost intimacy;" (3) challenges a government activity; (4) has been threatened with physical harm or violence if they identify themselves; (5) risks criminal prosecution because they would be compelled to admit their intention to engage in illegal conduct; and (6) whether anonymity poses a "unique threat of fundamental unfairness" to the defendant. *Doe v. Sheely*, 781 Fed. Appx. 972, 973 (11th Cir. 2019) (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011)).

6.   Here, Plaintiff was a minor and uniquely vulnerable at the time he was sexually assaulted. Requiring Plaintiff to identify himself as a victim of child sexual abuse would reveal information of the utmost intimacy.

7.  Allowing Plaintiff to proceed anonymously does not pose a unique threat of unfairness to Defendants, who have previously and/or are currently litigating several Doe proceedings.

8.  Disclosure of Plaintiff's identity will contribute to the severe and profound psychological damage that Defendants' misconduct has caused.

9.  Plaintiff's substantial privacy right greatly outweighs the public's interest in open judicial proceedings and there is good cause to proceed under a fictitious name in this case.

10. For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an Order for the following relief:

    a.  Granting this motion to proceed under a fictitious name and Order pleadings in this matter to refer to Plaintiff as "John Doe."

    b.  Entering an appropriate Protective Order prohibiting all parties, employees, consultants, representatives of parties, attorneys involved in this case, agents of attorneys involved in this case, all court personnel, and all third parties from disclosing the true identity of Plaintiff and any other personal identifying information until such time as this Court may Order otherwise; and

    c.  Ordering such other relief as this Court deems just and appropriate.

WHEREFORE, Plaintiff John Doe respectfully requests this Honorable Court allow him to proceed in this lawsuit using a fictitious name and enter an Order as requested in this Motion.

Dated: February 13, 2026

Respectfully submitted,

s/John C. Cotton

John C. Cotton
Georgia Law Team, P.C.
Post Office Box 897
Cordele, Georgia 31010-0897

Telephone: 229.273.9490
State Bar No. 189801
craig@galawteam

*Attorney for Plaintiff*