**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:26-CV-23 (LAG) |
| | : | |
| JEHOVAH'S WITNESSES | : | |
| GOVERNING BODY, a business and/or | : | |
| religious entity, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Proceed Under a Fictitious Name, filed on February 13, 2026. (Doc. 3). Therein, Plaintiff requests leave of court to proceed under the pseudonym "John Doe" due to the sensitive nature of his claims. (*Id.*). For the reasons below, Plaintiff's Motion (Doc. 3) is **GRANTED**.[1]

## **BACKGROUND**

On February 13, 2026, Plaintiff filed a Complaint raising various state law claims arising out of Plaintiff's sexual abuse by a Bible Study teacher. (*See generally* Doc. 1). That same day, Plaintiff filed the Motion to Proceed Under a Fictitious Name, requesting leave of Court to proceed under the pseudonym "John Doe" due to the sensitive nature of his claims. (Doc. 3 at 3).

---

[1] The Court rules on Plaintiff's Motion pursuant to Local Rule 7.7, which states that motions "in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for filing of opposition thereto" may be considered by the Court immediately after filing. M.D. Ga. L.R. 7.7. "Objections to the motion[] will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection to . . . the foregoing motion[] must file a written objection within seven (7) days after service of the motion." *Id.*

**DISCUSSION**

Plaintiff moves to proceed under a fictitious name given that his claims are related to child molestation. (Doc. 3 ¶ 1). Plaintiff was a minor when, according to the Complaint, he was sexually assaulted by his Bible Study teacher. (Doc. 1 at 1–2). Federal Rule of Civil Procedure 10(a) requires that "[e]very pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). "Although this creates a 'strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (per curiam) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). "A party may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotations and citation omitted). The Eleventh Circuit has instructed that:

> [w]hether a party's right to privacy outweighs the presumption of openness is a totality-of-the-circumstances question. . . . the first step is to consider whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Along with these factors, a court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.

*Id.* (internal quotations and citation omitted).

Furthermore, the Eleventh Circuit has found that when deciding whether to allow a party to proceed under a pseudonym the Court should consider whether the plaintiff was a minor when the alleged events occurred. *Plaintiff B*, 631 F.3d at 1317 (finding the district court abused its discretion when it denied plaintiff's motion to proceed under pseudonym when the case "involve[d] descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors"). Plaintiff was a minor when the alleged sexual abuse occurred. (*See generally* Doc. 1). Plaintiff alleges that he "has

suffered and will continue to suffer serious and permanent injuries, emotional distress, humiliation, [and] loss of enjoyment" and that "[r]equiring Plaintiff to identify himself as a victim of child sexual abuse would reveal information of the utmost intimacy" and "contribute to the severe and profound psychological damage that Defendants' misconduct has caused." (Doc. 3 at ¶¶ 3, 6, 8). In light of Plaintiff's assertions and the relevant case law, the Court finds that Plaintiff's right to privacy outweighs the presumption of openness.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed Under a Fictitious Name (Doc. 3) is **GRANTED**.

**SO ORDERED**, this 19th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**