**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF GEORGIA**

| | |
|---|---|
| JOHN DOE,<br><br>     Plaintiff,<br><br>     v.<br><br>JEHOVAH'S WITNESSES GOVERNING BODY, a business and/or religious entity, THE WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., a corporation, THE WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC., a corporation, THE WATCHTOWER BIBLE AND TRACT SOCIETY OF FLORIDA, INC., a corporation, and CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, a corporation,<br><br>     Defendants. | Case No.: 1:26-cv-23 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND THE 90-DAY SERVICE OF SUMMONS DEADLINE

NOW COMES the Plaintiff, JOHN DOE, by and through his undersigned attorneys, respectively files his memorandum of law in support of his motion for this Court to enter an order extending the 90-day service of summons deadline for thirty (30) days to allow Plaintiff to perfect service of process upon Defendant JEHOVAH'S WITNESSES GOVERNING BODY ("GOVERNING BODY") by alternative means. In support, Plaintiff states as follows:

1.      Plaintiff files this memorandum of law in support of his motion because Defendant GOVERNING BODY is evading personal service, and personal service or service by alternative means cannot be perfected by the 90-day service deadline expires on May 14, 2026. Plaintiff has made diligent attempts to personally serve Defendant GOVERNING BODY at their listed

1

addresses, 1020 Red Mills Rd, Wallkill, NY 12589 and 900 Red Mills Rd, Wallkill, NY 12589, but Defendant GOVERNING BODY has refused to accept service via process server. Consequently, Plaintiff has filed a motion pursuant to Fed. R. Civ. P. 4(h)(1)(A) and N.Y. C.P.L.R. Law § 308(1)-(4), seeking leave to "nail and mail" service, and is asking this Court to extend the 90-day service of summons deadline to perfect "nail and mail" service. *See* ECF No. 16.

### I.       Plaintiff's Motion for Alternative Service to Defendant GOVERNING BODY

2.      On February 13, 2026, Plaintiff filed his Complaint at Law against Defendant GOVERNING BODY and several other Jehovah's Witnesses organizational defendants.

3.      On March 11, 2026, Plaintiff issued his Summons to Defendant GOVERNING BODY, addressing service to General Counsel of Jehovah's Witnesses at Defendant GOVERNING BODY's listed address, 1020 Red Mills Rd., Wallkill, NY 12589.

*4.*      As more fully set forth in Plaintiff's Motion for Alternative Service to Defendant GOVERNING BODY and Memorandum of Law in Support Thereof, Plaintiff's process server, Ms. Perez, attempted to serve Defendant GOVERNING BODY on March 17, 2026, March 18, 2026, and again on March 20, 2026 at their listed addresses 1020 Red Mills Rd, Wallkill, NY 12589 and 900 Red Mills Rd, Wallkill, NY 12589. *See Id*.

5.      Defendant GOVERNING BODY refused to accept service through Plaintiff's process server because the Summons made "no mention of a corporation," but Defendant GOVERNING BODY is generally aware of Plaintiff's Complaint. *Id.*

6.      Plaintiff has motioned this Court to enter an order granting leave to perfect service of process upon Defendant GOVERNING BODY by affixing a copy of the summons to the door of Defendant's business and mailing a copy of the summons to Defendant's listed address of 1020

Red Mills Rd, Wallkill, NY 12589 pursuant to Fed. R. Civ. P. 4(h)(1)(A) and N.Y. C.P.L.R. Law § 308(1)-(4). *See id.*

## II.    Legal Standard

7.    Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

8.    Plaintiff attempted to serve Defendant GOVERNING BODY via process service pursuant to Rule 4(h)(1)(A) in New York.

9.    Good cause to extend the 90-day service of summons deadline exists when timely service was prevented "through no fault of th[e] plaintiff" such as "when some outside factor…rather than inadvertence or negligence, prevented service." *Giddens v. Brooks Cnty*, No. 21-11755, 2022 WL 836273, at *6 (11th Cir. Mar. 21, 2022); *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 765 (11th Cir. 2019).

10.    Even the Court finds that plaintiff has failed to demonstrate good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey v. Carroll Cnty Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007); *see Bilal v. Geo Care, LLC*, 981 F.3d 903, 920 (11th Cir. 2020) (vacating dismissal where the district court failed to consider whether other circumstances warranted an extension of the service period).

11.     If the Court determines that a defendant's evasion of service is not "good cause," "'relief may [still] be justified …if the defendant is evading service.'" *Id.* (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) and Fed. R. Civ. P. 4(m) Advisory Committee Note, 1993 Amendments).

12.     For example, in *Am. Indoor Football Ass'n v. Lockwood*, the court granted plaintiff's motion for an extension of time to serve defendant, stating that it "need not determine whether [plaintiff] has established 'good cause,'" as the court determined that defendant's intentional evasion of plaintiff's "diligent efforts to perfect service" was a "'circumstance[] warranting an extension of time based on the facts of the case.'" 267 F.R.D. 663, 666 (M.D. Ala. 2010) (citing *Lepone-Dempsey*, 476 F.3d at 1282). The court found that defendant would not be prejudiced by the extension of time to perfect service because there was "good reason to believe that, despite his evasive efforts, he [was] well-aware of the complaint against him." *Id.*

**III.     Plaintiff Should Be Allowed Additional Time to Effect Service by "Nail and Mail"**

13.     Plaintiff filed his Complaint at Law against Defendant GOVERNING BODY on February 13, 2026, and has until May 14, 2026, to serve Defendant with service of process.

14.     As explained in more detail in his Motion for Alternative Service to Defendant GOVERNING BODY and Memorandum of Law in Support thereof, Plaintiff has diligently attempted to serve Defendant GOVERNING BODY via process server in March 2026 – making three visits, on three different days, to two of Defendant's listed addresses – well within 90 days of filing his Complaint at Law. *See* ECF No. 16.

15.     Good cause to extend the 90-day service of summons deadline exists because Defendant GOVERNING BODY's refusal to accept service via process server – a permissible

manner of service – is not attributable to Plaintiff's fault, inadvertence, or negligence. *See Hunt*, 782 F. App'x at 765.

16.    Plaintiff's subsequent need to motion this Court to allow service via "nail and mail" in accordance with Fed. R. Civ. P. 4(h)(1)(A) and N.Y. C.P.L.R. Law § 308(1)-(4) is likewise not attributable to Plaintiff's fault, inadvertence, or negligence.

17.    Alternatively, this Court should exercise its discretion to extend Plaintiff's time to serve Defendant GOVERNING BODY via "nail and mail" because Defendant's intentional evasion of service is a well-recognized circumstance warranting extension. *See Horenkamp*, 402 F.3d at 1132-33; *Am. Indoor Football Ass'n*, 267 F.R.D. at 666; Fed. R. Civ. P. 4(m) Advisory Committee Note, 1993 Amendments.

18.    Defendant GOVERNING BODY is aware of Plaintiff's Complaint against them because their agent twice refused to accept service of Plaintiff's Summons after seeing Defendant GOVERNING BODY as a named defendant (albeit with "no mention of a corporation"), and therefore Defendant would not be prejudiced by an extension of time to perfect service via "nail and mail." *See Am. Indoor Football Ass'n*, 267 F.R.D. at 666.

19.    Moreover, further attempts to personally serve Defendant GOVERNING BODY within the 90-day service deadline expiring on May 14, 2026, would be futile given Defendant's refusal to accept service after being located and Plaintiff's inability attempt service via "nail and mail" within the 90-day deadline until this Court rules on his Motion for Alternative Service to Defendant GOVERNING BODY.

20.    Because Defendant GOVERNING BODY has evaded Plaintiff's diligent attempts to perfect service within 90 days of filing his Complaint at Law, and because Plaintiff is entitled to "nail and mail" service to Defendant GOVERNING BODY as a means of alternative service,

Plaintiff has established good cause requiring this Court to extent the time for service for an appropriate period pursuant to Rule 4(m).

21.    Alternatively, because Defendant GOVERNING BODY has evaded Plaintiff's diligent attempts to perfect service within 90 days of filing his Complaint at Law, and because Plaintiff is entitled to "nail and mail" service to Defendant GOVERNING BODY as a means of alternative service, this Court should exercise its discretion to extent the time for service for an appropriate period pursuant to Rule 4(m) and *Lepone-Dempsey*, 476 F.3d at 1282.

WHEREFORE, Plaintiff JOHN DOE respectfully files this Memorandum of Law in support of his Motion for this Court to enter an order extending the 90-day service of summons deadline for thirty (30) days to allow Plaintiff to perfect service of process upon Defendant GOVERNING BODY and for any other relief this Court deems just and proper.

Dated: May 11, 2026                              Respectfully submitted,

<u>s/Maura D. White</u>

*Attorney for Plaintiff*

Maura D. White
ROMANUCCI & BLANDIN
321 N. Clark St., Suite 900
Chicago, IL 60630
P: (312) 458-1000
E-mail: mwhite@rblaw.net
IL Bar # 6289336
*Appearing Pro Hac Vice*

John C. Cotton
Georgia Law Team, P.C.
Post Office Box 897
Cordele, Georgia 31010
P: (229) 273-9490
F: (229) 279-9491
Email: craig@galawteam
GA Bar # 189801